(126 So. 185)

## SMITH v. STATE. (6 Div. 679.)

Court of Appeals of Alabama. Feb. 11, 1930.

Ross, Bumgardner, Ross & Ross, of Bessemer, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J. From a judgment of conviction under count 2 of the indictment, the defendant appealed to this court. Said count charged him with the offense of the unlawful possession of a still, etc., to be used for the purpose of manufacturing or distilling prohibited liquors.

The corpus delicti was fully proven without dispute. The evidence disclosed that in the loft of defendant's barn near his dwelling house, and in the same inclosure, the several officers who composed the "raiding" party found a whisky still of large capacity, and complete, with a five-gallon can under the condenser, and whisky running from the still into said can, which had three or four gallons of whisky in it at the time. There was a 2½-inch iron pipe running from said loft to a "big hole" in defendant's field about 150 feet from the barn. This hole was full of old beer or slop, and the end of the pipe in the loft was attached to a funnel to run the slop from the loft to the hole in the field. There was a large quantity of beer in four vats and ten barrels in the loft. About two and a half gallons of corn whisky also was found in the defendant's dwelling house at the same time. There was evidence of a voluntary confession by the accused.

On the trial, the defendant denied all knowledge of the still, and all connection therewith. And testified that his purported confession was for the purpose of averting a prosecution against his wife for the possession of the whisky found in the dwelling house. His wife was at home at the time of the "raid," but appellant was not.

The conflicting evidence, which tended to disclose many highly incriminating circumstances, presented a jury question. The affirmative charge was not in point, and was properly refused.

The appellant has assigned errors, and these assignments, we note, present fully the salient points of decision involved upon this appeal.

In brief and argument appellant abandons the propositions in assignments of error 1, 2, 3, and 5. These relate to certain refused charges, and appellant now concedes they were properly refused, as they were either fairly and substantially covered by other given charges and the court's oral charge, or invasive of the province of the jury.

The remaining insistences of error are based upon exceptions reserved to the court's rulings upon the admission of the testimony.

Under either count of the indictment, it was competent for the state to show that the searching officers found corn whisky in the loft of defendant's barn where the large whisky still was located and in full operation, and also corn whisky in considerable quantities in defendant's dwelling house near by. It was likewise competent to show that "they found large numbers of containers and bottles around the house and around the barn." Also, "there were some of the bottles and jugs in the house and some out at the barn; there being two or three empty five-gallon cans out at the barn." These facts may have had the tendency to refute the insistence of defendant to the effect that he had no knowledge of the still in the loft of his barn, or that whisky was being distilled or manufactured on his premises. The probative force of this testimony was for the jury. The exceptions reserved in this connection cannot avail this appellant.

What witness Ross had heard to the effect that they were going to let him (defendant) take a fine of $250 and costs was not a material inquiry upon this trial, and there was no error in the court's ruling sustaining objection of the state to the question of defendant addressed to this witness.

State witness Arthur Green testified, among other things: "Mr. Smith told me that he owned the still and the whisky that officer Harrison and others got on November 21st." The following question by defendant: "Will you swear, in the presence of Mr. Fitzpatrick over there, and this defendant, that that man told you that that was his still?" This question called for a mere repetition of testimony already given by him; and the court was vested with the discretion not to allow it. There is no merit in this exception.

The foregoing deals with each question raised by the assignment of errors upon this record. The record, however, contains other exceptions, and these we have examined, as the law requires. But we discover no prejudicial error in any of the rulings of the court. As stated, a question of fact was presented by the conflicting evidence, and the jury decided adversely to defendant, which is determinative of this case. Appellant was accorded a fair trial as we see it, and, as the record is free from error, the judgment of conviction appealed from will stand affirmed.

Affirmed.